1839.

HATCH
v.
MORRIS.

---

## HATCH v. MORRIS and others.

On a purchase by and conveyance to a married woman, she made a mortgage back to secure a portion of the purchase money, without her husband being a party to it. An after-purchaser bought with notice; and interposed a demurrer on a bill to foreclose. *Held*, that the mortgage, though informal, was an equitable lien; and the demurrer was overruled, with costs.

---

BILL of foreclosure; on a mortgage given by Margaret S. Morris, who was a married woman at the time she executed it. Her husband did not join. The mortgage was made to secure a part of the consideration money, on a purchase by the said Margaret S. Morris and conveyance taken in her name.

The defendant, Benjamin Russell, had become a purchaser of the mortgaged premises, subject to the mortgage; and he put in a demurrer, on the ground that the mortgage was invalid, as it was an act by a married woman in which her husband did not join.

There was a charge in the bill that Russell had purchased the premises with a knowledge of the mortgage.

Mr. *Elias H. Ely*, in support of the demurrer.

Mr. *Kimball*, for the complainant.
VOL. III.—40

*April 22, 1839.*

*Mortgage by married woman, where husband did not join.*

*1839.*

QUINN
*v.*
BRITTAIN.

THE VICE-CHANCELLOR :—Although the mortgage executed by the wife alone, without her husband, was informal and invalid as a legal instrument, yet, being intended to secure a portion of the purchase money upon a sale and conveyance to the wife, it may be upheld in equity as creating an equitable lien. Indeed, in equity there is a lien for unpaid purchase money as between vendor and vendee and all subsequent purchasers and mortgagees with notice. Here, the defendant Russell purchased with notice ; and accepted a conveyance expressly subject to the mortgage which the wife had intended to create ; thereby recognizing it as a mortgage or, at all events, as a lien or charge upon the premises for so much money. He cannot now be permitted to gainsay it. His demurrer to the bill must be overruled, with costs ; but he may have twenty days to answer the bill.