## SUPREME COURT.

### BREVOORT agt. RANDOLPH.

In the city of New York a mortgagee acquires a *right* to redeem the premises as soon as they are *assessed* (for city purposes); and if he pays the amount of the assessment at any time before the expiration fixed by the statute he acquires a *lien* thereon, and may add the same to his mortgage debt and collect it by foreclosure.

Therefore, a purchaser at an assessment sale must pay, or tender to the mortgagee the amount due on his mortgage, and the amount paid by him in redemption of the property, in order to extinguish his lien.

*New York Special Term, February* 1853. *A question of redemption under a corporation sale on a mortgage foreclosure.* The following statement of facts were agreed upon by the respective counsel:

Mortgaged premises sold on the 28th June 1843, by the corporation of the city of New York, at an assessment sale, for non payment thereof. Were struck off to defendant for $166·09, upon a lease for one thousand years.

On the 11th June 1845, Breevort, plaintiff, deposited with the street commissioner $214·59 to redeem. Defendant, as purchaser, received $214·59, less $2 for commisions, shortly after the 11th June 1845.

Only notice of redemption was first published 12th December 1844.

On the 8th March 1852, defendant tendered to plaintiff $2765, in payment of the bond and mortgage, costs and interest. Not accepted.

SAMUEL SHERWOOD, *for Defendant.*

H. L. RIKER, *for Plaintiff.*

EDWARDS, Justice.—It is not pretended that the proceedings of the corporation in assessing the mortgaged premises were irregular. It is said, however, that after the sale of the property, the notice required by the statute had not been given, in order to cut off the right of redemption. If such was the case, the irregularity had no other effect than to extend the period of re-

demption. The mortgagee's right to redeem was complete as soon as the property was assessed, and if he paid the amount of the assessment at any time before the expiration of the time for redemption fixed by the statute, he acquired a lien upon the premises (*Laws of* 1813, *p.* 420, 421).

It is admitted in this case that the mortgagee did pay the assessment before the time for redemption had expired; and having done so, he had the right to add to his mortgage debt the amount which he thus paid, and to collect the same by foreclosure and sale, unless the mortgagor paid or tendered him the whole amount by way of redemption (Eagle Ins. Co. vs. Pell, 2 *Edw.* 631, 634; Faure vs. Winans, *Hopk. Ch.* 283; Dale vs. McEvers, 2 *Comst.* 118).

The amount due to the mortgagee, at the time of the alleged tender was the amount secured to be paid by the mortgage, and the amount paid for the assessment. The amount alleged to have been tendered, was only the amount due upon the mortgage and was insufficient.

The plaintiff is entitled to a decree for the whole amount claimed to be due upon the bond and mortgage, and for the amount paid by him in redemption of the property with interest.