### JOHN DOYLE et al. vs. T. E. ORR et al.

1. HUSBAND AND WIFE: *Vendor's lien. Waiver of.*
   Where a conveyance is made to the wife at the request of the husband, who is the vendee, the wife is but a recipient of the title, and, as against the land, the equity of the vendor would still subsist. No one but a *bona fide* purchaser for value can successfully resist the vendor's claim.

2. SAME: SETOFF: *Case in judgment.*
   C., as trustee for D., sold to O. a tract of land, taking in part payment, the note of O., with M. as surety; the deed was made directly to the wife of O. at his request. Afterwards the note of O. and wife was substituted for the note of O. and M. Subsequently Mrs. O. sold the land to D. and wife who, by assignment, were the owners of the note of O. and wife given to D. A bill was filed by Mrs. O. to foreclose the vendor's lien against Mrs. D. and husband; they attempted to set up as an offset the note of O. and wife. *Held*, that D., having elected to take personal

security for the purchase of the land, lost his equity against the land; that the note of O. and wife created no liability upon Mrs. O.; that the conveyance to her by the trustee of D. created a separate estate in her; and that she having sold the land, the vendee could not set up, when sued for the purchase money, as an offset, the note of herself and husband.

APPEAL from the Chancery Court of *Jefferson* County.

Hon. JAMES M. ELLIS, Chancellor.

This was a bill filed in the chancery court of Jefferson county, by appellees against appellants, to enforce the vendor's lien of T. E. Orr, the wife of W. J. Orr, against land purchased from her by Kate Doyle, also a married woman, to whom the title had been conveyed by T. E. Orr and her husband W. J. Orr, to get satisfaction of the purchase money to the amount of five hundred dollars remaining due and unpaid at the date of the bill evidenced by a promissory note for that amount, dated October 4, 1865, due January 1, 1867, and signed by husband and wife, John and Kate Doyle. Appellants demurred to the bill; which demurrer was overruled. Judgment was rendered against appellants; from which judgment this appeal was taken.

The following is assigned for error:

1. The court erred in not allowing the offset filed by appellants.

2. The court erred in not giving a decree in favor of the appellants.

3. The court erred in deciding that the appellees had a vendor's lien upon the property in controversy, they having waived the same by taking deed of trust or mortgage.

*Thomas Reid*, for appellants:

Was the security taken for the payment of the debt? There were two kinds of security taken: First, John Doyle signed the note. Second, they say they gave a deed of trust on the property. If so, they waived their lien. The answer is, that the deed was not properly executed, and was destroyed by appellees. There was delivery, and they should have enforced a proper execution. Bledsoe *v.* Little, 4 How., 13; Kane *v.* Mackin, 9 S. & M., 387 ;

Ingraham *v.* Grigg, 13 id., 22. The deed was properly accepted. McGehee *v.* White, 31 Miss., 41; Bullet *v.* Taylor, 5 id., 708; Clover *v.* Rowlings, 9 S. & M., 122; Myers *v.* Estelle, 48 Miss., 409. It was like the deed in Harper *v.* Reno, Freeman Ch., 323. As to the offset, see 12 Hill, 516; 44 Miss., 799; 5 How., 532; 40 Miss., 89. Possession of the note is *prima facie* evidence that it belonged to the holder. Smith *v.* Prestige, 6 S. & M., 478. Appellant was subrogated to the rights of the original holder. Abbey *v.* Van Campen, Freeman Ch., 273. It was a good offset in equity. 46 Miss., 710; 5 Cushm., 419; 41 Miss., 89; 6 Dawes, 305.

*H. Cassidy,* for appellees:

Doyle's note was only evidence of the amount of the purchase money still due. It was not security for the purchase money. There was then no waiver of the lien. Was the mortgage security for the purchase money? The taking a valid security by the vendor is only *prima facie* evidence of the waiver of the lien, which may be rebutted. The cross bill alleges that the deed was drawn up, but never acknowledged by Kate Doyle, though signed by her. Such, too, is her evidence. The decree is right unless the offset can be sustained. The lands sold to Kate Doyle by Orr and wife were the lands of T. E. Orr, the wife, and the note was properly made payable to her; and no setoff is valid, except a debt against her. The setoff is the promissory note of a married woman, *prima facie* void, if a debt at all, which is denied, it is a debt of W. J. Orr, and not the debt of T. E. Orr, and therefore cannot be set off against her debt.

SIMRALL, J., delivered the opinion of the court.

It is insisted by the defendant, first, that the vendor's lien was waived by personal security for the deferred payments; second, that the setoff pleaded in the cross bill ought to have been allowed. If either of these defenses is sustained, the decree is erroneous.

The conveyance was made to the wife, the note for the purchase money was signed by husband and wife. It is now urged

that the husband was surety for his wife, and since the vendor has elected to rely upon personal security, it will be presumed that he waived his equity.

In principle this is like the case of Upshur *v.* Hargrove, 6 S. & M., 291. There, the husband, by written contract, agreed to become the purchaser, but the deed was made to the wife. He was personally bound to the vendor for the price, the wife was a mere volunteer, incapable of incurring a binding obligation for the money. In effect it was like a conveyance to the husband by the vendor, and then a conveyance to the wife. She would be the recipient of the title, and as against the land the equity would still subsist. No person except a *bona fide* purchaser for value can successfully resist the vendor's claim. See also Russell *v.* Watt, 41 Miss., 608 ; Halloway *v.* Ellis, 25 id., 103 ; Davis *v.* Pearson, 44 id., 510. We think that the vendor did not waive his lien.

The second question is: Can the defendants set up the note, mentioned in the cross bill, as a setoff against complainant's demand ? The note has this origin. In 1855, one Carpenter as trustee sold the land for the benefit of J. P. Darden, when W. J. Orr became the purchaser for his wife, to whom the conveyance was made. For part of the purchase money, W. J. Orr, with one Montgomery, gave their note to Darden, for whose benefit the sale was made. Subsequently this note was taken up by the note of W. J. Orr and Temperance, his wife, payable to Darden. On the death of J. P. Darden, a distribution of choses in action and effects was made among his heirs and distributees by mutual consent. The note of Orr and wife was assigned by the distributee (who had received it in the division) to the defendants. In their cross bill they claim that this debt constituted a lien in equity on the land superior and elder to that asserted by the complainants. The facts do not sustain that pretension. Prior to the sale by the trustee, it was arranged between J. P. Darden and W. J. Orr that the latter should buy the land for his wife, and that part of the price should be secured by the note of W. J. Orr and Montgom-

ery at 10 per cent. interest. Darden selected the security upon which he would rely. But he had no recourse on the land, he was merely the *cestui que trust*, the creditor, secured by the trust deed, and was therefore competent to make whatever arrangement he saw fit with a purchaser from the trustee. The arrangement actually consummated, separated his debt from the land, so that it rested alone on the personal obligation of W. J. Orr and Montgomery. The subsequent surrender of the note, for that of Orr and wife, did not create in favor of Darden an equity on the land. The transaction has this complexion : W. J. Orr negotiated a purchase of land for his wife, partly for cash, and the balance on the personal security of himself and Darden. Darden, the beneficiary, consented that the conveyance should be made by the trustee to Mrs. Orr, and that he would trust to W. J. Orr and Montgomery for part of his money. When he gave up that note, and accepted in substitution for it the note of Orr and wife, he must be held to rely exclusively upon the latter obligation. In legal effect it is the contract of the husband alone. It imposed no liability on Mrs. Orr. But Mrs. Orr is the vendor of the land, and is entitled to the purchase money for her individual use, and as her separate property. When it is ascertained that there is no lien in equity upon the land for the payment of the note to Darden, and no personal liability on Mrs. Orr, the defense attempted to be set up is, that the debt of W. J. Orr, the husband, shall be set up against the demand of Temperance, his wife. The defendants cannot defeat the equity of Mrs. Orr, by preferring the personal debt of her husband, which they have acquired by assignment, as an offset against her demand. Condon *v.* Shehan, 46 Miss., 712 ; Duncan *v.* Lyon, 3 Johns. Ch., 351 ; Howe *v.* Sheppard, 2 Sumn., 412.

We think that this ground of defense was properly overruled by the chancery court. It follows that there is no error in the decree, and it is affirmed.