Henry Sidenberg, Respondent, *v.* Catharine Ely et al., Appellants.

Where the owner of mortgaged premises refuses or neglects to pay taxes and assessments imposed thereon, the owner of the mortgage may, although there be no tax clause in his mortgage, pay the same to protect his security, and he may redeem the premises from a tax sale, and the amounts so paid he is entitled to have added to the mortgage debt, and as a part thereof allowed to him on foreclosure.

To give the owner of a mortgage this right, it is not necessary that he should wait until the premises are sold for the tax or assessment before paying the same.

Where the owner of mortgaged premises died, leaving a will by which he devised the premises to one for life, with remainder to others, *held*, that the equities as between the life-tenant and the remaindermen, in regard to taxes and assessments, did not, in the absence of any evidence of fraud or conspiracy to impose upon the remaindermen an obligation belonging to the life-tenant, affect the right of the owner of the mortgage to protect his security by paying the same, and to have the amount so paid allowed to him as part of the mortgage debt.

*It seems* that the life tenant can in such case be charged with the burden of the taxes, as well after payment by the owner of the mortgage as before, also that the same may be charged against the interest of the life-tenant in any surplus arising on foreclosure.

*It seems*, also, that the remainderman, in case of default on the part of the life-tenant in the payment of taxes or assessments, is entitled to have a receiver appointed to collect the rents and profits, and to apply the same to such payment.

In an action upon a contract, a tender is not available as a defense, unless pleaded.

Where a tender is not pleaded, and the trial is by the court, although proof was made on the trial of a tender, or a waiver thereof, a refusal of an

application to have the answer amended to conform to the proof, made after the trial and after the findings have been prepared and ready for signature, is not error.

A refusal of the court to find the several items constituting the sum found due in a foreclosure suit is not error, the general finding covers them, and it is not necessary to state them specifically.

(Submitted October 13, 1882; decided October 24, 1882.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, entered upon an order made May 11, 1880, which affirmed a judgment in favor of plaintiff, entered on a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*William Rockwell* for appellants McChesney *et al.* The doctrine of tacking has had no application in this State since the passage of the registry laws. (*Grant* v. *U. S. Bank*, 1 Caine's Cas. 112; 4 Kent's Com. 178.) The most that can be claimed of the estate in remainder is that it shall stand as security for the sufficiency of the life estate for the payment of the public burdens and interest while the mortgage is outstanding. (*Hayes* v. *Ward*, 4 Johns. Ch. 129; *March* v. *Pike*, 10 Paige, 595.) Subrogation is never allowed to a mere volunteer, nor to one whose acts are *mala fides* as to others, nor to any one who is not under a legal necessity to make the payment. (*Sanford* v. *McLane*, 3 Paige, 117; *Dale* v. *McEvers*, 2 Cow. 118; *Silver Lake Bk.* v. *North*, 4 Johns. Ch. 370; *Wilkes* v. *Harper*, 1 N. Y. 586; *Twombly* v. *Cassidy*, 82 id. 159.) Under the statute the mortgagee may not pay and tack taxes until after sale and notice. (1 R. S. [5th ed.], § 85, p. 975, §§ 98, 99, 100.) The mere assignment of the bond and mortgage to the plaintiff did not subrogate him to any right the Excelsior Company might have had by reason of such payment. There was no privity between them, and the duty of repaying the company did not devolve upon the plaintiff. (*Merritt* v.

*Bartholick*, 36 N. Y. 44; *Clark* v. *Smith*, 1 Saxton [N. J.], 121, at p. 135; *Dale* v. *McEvers*, 2 Cow. 118.)

*Jeremiah Loder* for appellant George B. Ely. Tender of the interest due upon a mortgage extinguishes the lien *pro rata*, and foreclosure cannot be maintained for that interest. (*Kortright* v. *Cady*, 21 N. Y. 343; *Tuthill* v. *Morris*, 81 id. 94, at p. 99; *Tiffany* v. *St. John*, 5 Lans. 153.) The notification to George B. Ely, when he offered to pay, that the interest would not be received unless the taxes were paid was a waiver of tender. The offer was a tender. (*Wheeler* v. *Garcia*, 40 N. Y. 584; *Dana* v. *Fiedler*, 1 E. D. Smith, 463, at pp. 479, 480; *Stone* v. *Sprague*, 20 Barb. 514; *Billinger* v. *Kitts*, 6 id. 273, at p. 281; *Slingerland* v. *Morse*, 8 Johns. 474, at p. 476.) If the complaint and reply are so indefinite as to leave it in doubt what the plaintiff's cause of action was, then these pleadings should receive a construction most favorable to the opposite party. (*Requa* v. *Guggenheimer*, 3 Lans. 52.) The question whether that sum of interest was due was not the issue raised. The pleadings could not, on the trial, have been amended so as to make that the issue. It would have changed substantially the claim. (Code of Civil Proc., §§ 721, 722, 723; *Southwick* v. *First Nat. Bk.*, 84 N. Y. 420.) If the answer had amounted to only a general denial, proof of waiver would have been competent and within the issue. (*VanBuskirk* v. *Stow*, 42 Barb. 9, at p. 17.) The evidence showing the waiver of interest was received without objection, and therefore, whether pleaded or not, was properly in the case and available to the defendant. (*N. Y. Cent. Ins. Co.* v. *Nat. Protection Ins. Co.*, 14 N. Y. 85.) The court erred in refusing to find, specifically, the several sums which constituted the gross sum specified in the findings. (*Smith* v. *Coe*, 29 N. Y. 666.) The court erred in allowing two and one-half per cent on sums not due at the time of bringing the action. (Code of Civil Proc., §§ 3252, 3253.)

*William Strauss* for respondent. Proof of breach by non-payment of interest under allegation of breach by non-payment

of principal (on bond conditioned for payment of both principal and interest) would be a mere variance and not a failure of proof, and should be disregarded. No amendment was necessary. (Code Civ. Pro., §§ 540, 539; *Sussdorf* v. *Schmidt*, 55 N. Y. 320; *Place* v. *Minster*, 65 id. 89; *Catlin* v. *Gunter*, 11 id. 368; *Russell* v. *Conn*, 20 id. 81.) The rule that evidence of a fact not pleaded may be availed of, if received without objection, cannot be invoked as the evidence of a waiver of tender of the six months' interest accruing November 2, 1877, was admissible upon another issue before introduced without objection, viz.: that the extension of the mortgage was conditional on the payment of the taxes of 1875. ( *Williams* v. *Mechanics and Traders' Fire Ins. Co.*, 54 N. Y. 577.) While the court may take cognizance of a defense not pleaded, where evidence is received without objection, it is not bound to do so, and it is not error to disregard it. (*Krom* v. *Levy*, 6 Sup. Ct. [T. & C.] 253; *O'Toole* v. *Garvin*, 1 Hun, 92; *Brazill* v. *Isham*, 12 N. Y. 9; *Boswell* v. *Welshoefer*, 9 Rep. 630.) Where the tender of interest is pleaded and sustained by evidence, it is of no avail as a tender, unless the money tendered was also paid into court. (*Becker* v. *Boon*, 61 N. Y. 317; *Brown* v. *Ferguson*, 2 Denio, 196; *Hill* v. *Place*, 36 How. 26; *Simpson* v. *French*, id. 464.) The foreclosure action was maintainable for the interest which became due in November, 1877, and for the $934 which it is settled was unpaid at the commencement of the action. (*Campbell* v. *McComb*, 4 Johns. Ch. 534; *Brinkerhoff* v. *Thalheimer*, 2 id. 486; *Lyman* v. *Sale*, id. 487; 3 R. S. [6th ed.] 199, § 105; Jones on Mortgages, § 1176.) Being sustainable for interest and the principal having fallen due before trial the decree for principal as well as interest was proper. (*Campbell* v. *Macomb*, 4 Johns. Ch. 534; *Brinkerhoff* v. *Thalheimer*, 2 id. 486; 3 R. S. [6th ed.] 199, § 108.) Where the owners of the equity refuse or neglect to pay taxes or assessments imposed upon the mortgaged premises, the mortgagee may pay the same for the purpose of protecting his security, and the amount so paid may be added to and become part of the mortgage debt which may be enforced on

foreclosure. (*Eagle Fire Ins. Co.* v. *Pell*, 2 Edw. Ch. 631; *Burr* v. *Veeder*, 3 Wend. 412; *Brevort* v. *Randolph*, 7 How. 398; Jones on Mortgages, §§ 77, 1134; Thomas on Mortgages, 86, 276; Willard's Equity Juris. [1st ed.] 446, 448; 1 Washb. on Real Prop. [3d ed.] 583, star paging; *Faure* v. *Winans*, Hopk. Ch. 283; *Rapalje* v. *Prince*, 4 Hill, 119, 123; *Marshall* v. *Davies*, 79 N. Y. 414; *Williams* v. *Townsend*, 31 id. 411, 414; *Silver Lake Bk.* v. *North*, 4 Johns. Ch. 370; *Quinn* v. *Brittain*, Hoff. Ch. 353, 358; *Robinson* v. *Ryan*, 25 N. Y. 320.) The remaindermen should not be heard to object that it is a hardship that a mortgagee be permitted to pay taxes which the life-tenant should have been paid and add the amount paid to the lien of the mortgage; for, had they used due diligence, the taxes could not have accumulated. (*Caines* v. *Chabert*, 3 Edw. Ch. 313; 1 Washb. on Real Prop. 97, star paging; 1 R. S., part 1, tit. 3, chap. 13, § 162; 1 R. S. [6th ed.] 975, § 162.) The admission of evidence to prove the redemption from tax sales by the mortgagee, under the allegation of payment of taxes, was not error. (1 R. S. [6th ed.] 1007; *Williams* v. *Townsend*, 31 N. Y. 411, decided in 1865; *Cornell* v. *Woodruff*, 77 id. 203; Laws of 1853, chap. 230, tit. 5, §§ 16, 21, as amended by Laws of 1856, chap. 99; 1 R. S. [6th ed.] 1004, 1010; *Day* v. *Roth*, 18 N. Y. 448.) The allowance to the plaintiff of two and one-half per cent on the amount found due was proper. (Code of Proc., § 309.)

MILLER, J. This action was brought for the foreclosure of a mortgage made by one William G. Ely, deceased, in 1825, to the Ætna Insurance Company, to secure the sum of $3,000. It contained no clause in reference to taxes and assessments. In 1872, the Ætna Insurance Company assigned the mortgage, together with the bond accompanying the same, to the Excelsior Life Insurance Company. This company paid, while it held the mortgage as assignee, certain taxes, assessments and water rates upon the mortgaged premises, and to redeem the same from tax sales, which together amounted to the sum of $1,640, or thereabouts. In the year 1875, the Excelsior Life

Insurance Company assigned the bond and mortgage, with the whole amount due by reason of the payment for taxes, etc., to the plaintiff, who purchased at the request of the mortgagor, and under an agreement to extend the payment of the princi-pal until September, 1878, previous to which time this action was commenced. Subsequent to his purchase, the plaintiff paid certain taxes and assessments, amounting to the sum of $925. At the time of the assignment to the plaintiff, the sum of $934.78 was due for interest. The defendant Catharine Ely is the widow and executrix of the mortgagor, who died leaving a will, by which he devised her the estate for life with remainder over in fee to the children of his brother James, who are defendants in this action. Upon the trial, the court allowed for the taxes, assessments and water rates paid by add-ing them to the mortgage, which, with the principal and inter-est found due to the plaintiff, amounted to the sum of $7,365.70.

The most material question upon this appeal arises in regard to the rights of the plaintiff to the amount of taxes and assess-ments paid by him and his assignor, and to collect the same out of the mortgaged property. The rule seems to be established by abundant authority that when the owner of mortgaged property refuses or neglects to pay taxes and assessments, or liens of a like nature, which are imposed upon the mortgaged premises, the mortgagee has the right to pay the same in order to protect his security, and the amount so paid may be added to and become a part of the mortgage debt, which may be en-forced upon a foreclosure of the mortgage.

Willard in his work on Equity Jurisprudence, at page 446, lays down the rule that taxes paid may be added to the mort-gage debt, and he adds, " so money paid by the mortgagee to redeem the premises from a tax sale becomes part of the mort-gage debt in equity;" he further says at page 448, " with re-gard to the amount to be paid on redeeming, it may be said, that as taxes are a legal charge upon the estate, they may, if necessarily paid by the mortgagee, be added to the mortgage debt." The same rule is upheld in Thomas on Mortgages, at pages 86 and 276, and in Jones on Mortgages, at sections 77

and 1134.    In the last authority it is laid down that this is so, although there be " no tax clause in the mortgage."

Numerous cases in the reports sustain this doctrine. (*Eagle Fire Ins. Co.* v. *Pell*, 2 Edw. Ch. 631; *Burr* v. *Veeder*, 3 Wend. 412; *Brevoort* v. *Randolph*, 7 How. Pr. 398; *Faure* v. *Winans*, Hopk. Ch. 283; *Marshall* v. *Davies*, 78 N. Y. 414; *Robinson* v. *Ryan*, 25 id. 320; *Williams* v. *Townsend*, 31 id. 414.)    These cases are criticised by the counsel for the appellant, and it is claimed they do not sustain the doctrine contended for.    While all of them do not entirely cover, yet they tend to the support of the principle, that a mortgagee, who to save his mortgage and protect his security is under the necessity of paying the taxes and assessments to prevent the property from being sold, should be allowed for the same as a part of his mortgage debt upon the foreclosure of his mortgage. Whether the doctrine of tacking, as claimed by the counsel for the appellants, has any application, is not important to consider, if the principle we have stated can be invoked to save the mortgagee from the sacrifice of the property by reason of unpaid taxes or assessments.

In accordance with the authorities already cited, it is not necessary that the premises should be sold prior to the payment of the taxes or assessments before the mortgagee is authorized to pay the same, and add the amount paid by him to his mortgage. (See *Eagle Fire Ins. Co.* v. *Pell*, and *Williams* v. *Townsend*, *supra*.)

The doctrine that neither the plaintiff nor his assignor could have any benefit from the doctrine of subrogation, because they voluntarily paid the taxes and were conspirators, cannot be upheld.    There is no finding in the case that either of them purchased the mortgage with the intent of paying the taxes and assessments so as to relieve the life estate and cast the burden upon the remaindermen; they were paid evidently in self-defense, and for the purpose of saving their liens as mortgagees.    It cannot, therefore, be said that they were volunteers, or that they acted in bad faith as to others, or to any one who was under a legal necessity to make the payment,

even if it may be urged that if the taxes had remained a lien, the life-tenant would have been obliged to pay them to prevent a sale of the property by the State or a return thereof, as that furnishes no reason why the plaintiff had not a perfect and complete right to protect his security from sale for the taxes. There is no rule by which the holders of the mortgage were obliged to delay the payment so as to compel the remainder-men to take action in regard to the same and relieve the property. They should have been vigilant in looking after their rights, and if they had done their duty the taxes would not have accumulated. Having failed to perform a plain duty, if they desired to protect the property against the taxes, after they have permitted the mortgagee to pay the taxes, they are in no position to object that it operates as a hardship upon them. They would have had an undoubted right to make application for the appointment of a receiver to collect the rents and apply them to the payment of the taxes. (*Cairns* v. *Chabert,* 3 Edw. Ch. 313; 1 Washburn on Real Prop. 97.)

In the case we are considering, the taxes remained unpaid from the year 1865, to the year 1872, and then again from 1872 to 1874, all inclusive. For eight years they were allowed to accumulate in the first instance, and afterward for three years, and during that period no effort was made to pay them, nor any attempt to compel the owner of the life estate to pay them, or the appropriation of the rents for that purpose. Here was a gross neglect which would have resulted in the sale of the property, and perhaps the destruction of the estate, but for the intervention of the owner of the mortgage.

Again, if the mortgagee or his assignee had the right to pay within the authorities to which we have referred, to protect his mortgage lien, any equity which might have existed between the life-tenant and the remaindermen cannot destroy or take away that right. The remainderman's rights and his interests are subject to the right of the mortgagee, which was a prior and superior right given by the mortgagor. If the mortgagor had survived, and the mortgagee had paid the taxes, the amount paid would clearly have been a claim against the

mortgagor and the mortgaged premises. The devisees of the mortgagor cannot have any greater or better right than the mortgagor, and they stand in his place. There was no evidence of any fraud or any conspiracy, to impose upon the remaindermen an obligation which belonged to the life-tenant to perform. The mortgage was purchased by the plaintiff in good faith, as found by the trial court, which also refused to find to the contrary. The effect of the payment was, although it increased the amount of the mortgage, to cancel and discharge the lien of the taxes for the same amount. The estate of the appellants was bound to pay the taxes, and the payment by the mortgagee, or his assignee, did not add or increase the burden imposed thereby, but in fact it operated to reduce the rate of interest on the amount of such taxes. Equity could not grant relief to the remaindermen, for the reason alone that the lien had been changed from a tax lien to that of a mortgage lien, and we are unable to see why the life-tenant could not as well have been charged with the burden of the taxes after payment by the mortgagee, as he could before such payment, and in this case no reason existed why the interest of the life-tenant in the fund after payment of the mortgage by a sale should not have been burdened with this charge.

The defendants claim they are entitled to pay up the mortgage and to be subrogated as mortgagees, leaving the plaintiff to his remedy, or if the property be ordered to be sold, that the value be computed, and only that value, less the present value of taxes and interest during the life in expectancy, be applied to the accretions, and that after applying the present value of such taxes and interest only, the remainder of the principal sum be paid out of the sale of the inheritance.

It does not appear that the defendants have applied to be subrogated as mortgagees, or placed themselves in a position which entitled them to an assignment of the mortgage ; nor was the question raised upon the trial as to the application of the interest and taxes. The plaintiff is entitled to the payment of the mortgage out of the real estate upon a sale thereof, and

the question as to the disposition of the surplus, if any there be, does not arise upon this appeal.

It is also insisted that there was error in the refusal of the court to find that the plaintiff notified one of the defendants that he would not receive the last installment of interest due upon the mortgage, unless the arrears of taxes were paid. This refusal, we think, was not error, even if the effect of such notification might be to waive a tender of the money due upon the mortgage. No tender had been pleaded, and therefore it was not available as a defense. There is no force in the position of the counsel for the appellants, that they were entitled to the benefit of the alleged tender, although not pleaded, for the reason that non-payment of interest was not alleged in the complaint or reply. The defendants had a perfect right to set up in their answer the actual state of the case, even if it was not correctly set forth in the complaint, and to allege that a tender had been made. Having failed to do this, they were not in a position to urge their right to the benefit of a tender, upon the trial. Nor do we think that the statement, in the reply to the defendants' answer, as to the amount due, was of a character which entitled the defendants to the benefit of a tender, without having set up the same in their answer.

We also think that after a trial had been had, the findings prepared, and ready to be signed by the judge, the defendants were not entitled to have the answer amended to conform to the proof, and no error was committed by the judge in refusing the application for that purpose.

There was no such evidence as to the waiver of interest upon the trial, as entitled the defendants to the benefit of a tender, whether pleaded or not. There is no merit in the position that the court had no jurisdiction of the new defendants, because there was no order of publication as to them, and the point urged is sufficiently answered in the opinion of the General Term.

The refusal to find the several sums which constituted the gross sum specified in the findings was not error. These items are covered by the general finding, and it was not necessary to

state them specifically. Nor does the request made embrace facts material to the issue and the proper disposition of the case.

The other points urged by the appellants' counsel have been carefully examined and considered, but none of them present any sufficient ground for a reversal of the judgment.

There being no error, it should be affirmed.

All concur, except Rapallo and Tracy, JJ., absent.

Judgment affirmed.