PINES v. NOVICK et al.

(Supreme Court, Appellate Division, Second Department.  May 25, 1915.)

1. MORTGAGES ⬥⇒144—RIGHTS OF MORTGAGEE.

The owner of a second mortgage on land bought in by the city of New York, under Greater New York Charter (Laws 1901, c. 466) § 1033, for unpaid taxes, has such an interest that he is entitled to invoke the aid of equity to prevent the foreclosure of the lien by one holding it for the benefit of the mortgagor.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 285–289; Dec. Dig. ⬥⇒144.]

2. MORTGAGES ⬥⇒144—MORTGAGOR—DUTY OF.

It is the duty of the mortgagor, or those holding under him, to pay taxes and assessments and keep the mortgaged premises free from liens; and he cannot allow the property to be sold for taxes, and then acquire the tax liens indirectly, so as to defeat the mortgagee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 285–289; Dec. Dig. ⬥⇒144.]

3. TAXATION ⬥⇒708—FORECLOSURE OF LIEN—DEFAULTS—VACATION.

Where a mortgagee, who was party to an action to foreclose a tax lien, defaulted, and the lien was foreclosed by a third person acting for the benefit of the mortgagor, the question whether the mortgagor gave the mortgagee money to discharge the lien cannot be determined on motion to vacate the judgment.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1291–1297, 1406, 1635–1642; Dec. Dig. ⬥⇒708.]

Appeal from Special Term, Kings County.

Action by Dora Pines against Sadie Novick and others, in which the Eagle Savings & Loan Company was impleaded.  From an order denying a motion of the last-named defendant to open its default, it appeals.  Order reversed, and default vacated.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

Almet Reed Latson, of New York City, for appellant.
Michael Furst, of Brooklyn, for respondent.

STAPLETON, J.  The action is to foreclose a tax lien.  The plaintiff alleges that her assignor purchased it from the city of New York. The owner of the estate in the lands assessed for taxation, mortgagees, and tenants are made parties defendant and were served with summons.  The only allegations in the complaint relating to the defendants are:

The defendants failed to pay interest on the tax lien within the statutory period; the plaintiff elected that the full amount of the tax lien become due and payable; and the defendants have or may have an interest or lien inferior and subordinate to the lien of the plaintiff in the real property described in the complaint.

Title 5, chapter 17, of the Greater New York Charter, as amended by chapter 490 of the Laws of 1908, authorizes the sale of the city's lien for taxes, assessments, and water rents, and prescribes, directly and by reference to other provisions of law, the procedure for the foreclosure

⬥⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the tax lien. The defendant appellant is the junior mortgagee. It defaulted in pleading, and judgment of foreclosure and sale was entered against it. Then it discovered that the owner of the estate in the mortgaged premises is the owner of the tax lien, and that the plaintiff is the owner's alter ego. It further discovered that, without appellant's assent and without foundation in the complaint, the judgment of foreclosure and sale directed a sale subject to a mortgage superior_to the one held by it, and subject to a lease, made subsequently to the commencement of this action, for the term of 50 years at a monthly rental of $10. It is evident that the senior mortgagee is appeased by the provision for its protection, and that the lease for an inordinate term at an absurd rental could have no other purpose than to weaken, if not destroy, the power of the appellant to protect itself upon the sale.

At this step in the progress of the litigation the appellant made a motion to open its default in pleading, for leave to plead such of the facts as are pertinent, demanding judgment that the tax lien be extinguished, and for such equitable relief as would enable the appellant to discharge the lien of record. That motion was denied. From the order denying it this appeal is taken.

[1] It is our opinion that the order should be reversed and the motion granted. Equity has jurisdiction. The owner of a specific lien in the real property involved is qualified to ask the relief demanded, and that relief is essential to the protection of the property rights of the appellant. Section 1033, Greater New York Charter, ut supra; People ex rel. Oakley v. Bleckwenn, 126 N. Y. 310, 316, 317, 27 N. E. 376.

[2] It is the duty of the mortgagor, or those holding under him the estate in the real property, to pay taxes and assessments and keep the mortgaged premises free from the paramount governmental lien. The taxes and assessments constitute a legal charge upon the estate, and not upon the mortgage. The mortgagor or his grantee cannot, by payment of taxes and assessments, acquire in the mortgaged premises any right, title, or interest hostile to the mortgagee. Oliphant v. Burns, 146 N. Y. 218, 40 N. E. 980; Faure v. Winans, Hopkins, 283; Medley v. Elliott, 62 Ill. 532, 535; Ralston v. Hughes, 13 Ill. 469, 476; Fuller v. Hodgdon, 25 Me. 243, 249.

[3] We cannot accept as controlling upon this motion the plaintiff's statement that the mortgagor gave the appellant money with which to pay the taxes and assessments for which the lien was sold, and we are not required to indicate what would be the legal effect of the proof of that fact upon a trial had upon appropriate pleadings between proper parties. We may not heed the claim of the plaintiff that the appellant's mortgage had an inequitable origin. That question is not before the court in any manner fit for determination upon this appeal.

Order denying motion to open defendant Eagle Savings & Loan Company's default in pleading, and to vacate the judgment of foreclosure and sale, reversed, without costs, and motion granted, upon payment of plaintiff's taxable disbursements to date, and upon the filing by appellant, at plaintiff's election, of a stipulation to try the cause at the June Special Term. All concur.