LESTER WHEELER and MAXWELL S. WHEELER, Executors of the Will of FRANCES S. RELFE, Deceased, Plaintiffs, *v.* BAYARD HANDY, MARY HANDY, His Wife, WILLIAM C. DAMON, EFFIE I. DAMON, His Wife, and ROBERT HANDY, Defendants.

Supreme Court, Seneca Trial Term, September 23, 1924.

Mortgages — foreclosure — deed given by mortgagor conveyed premises to husband and wife as tenants by entirety subject to mortgage held by plaintiffs' testator — defendant claims title by tax deed procured by permitting taxes to remain unpaid and purchasing at tax sale — defendant in possession as tenant by entirety; cannot acquire interest of cotenant by purchase upon tax sale — cotenant bound to pay taxes assessed on premises — purchase at tax sale deemed payment of taxes — tax deed void for fraud — mortgage may be foreclosed.

When one of the cotenants of real property is in possession thereof it is his duty to pay the taxes thereon. Moreover, a tenant by the entirety in possession

of premises cannot acquire the interest of an absent cotenant by a purchase upon a tax sale.

Accordingly, a tax deed, executed after the purchase of premises by the defendant and another as tenants by the entirety, subject to a mortgage held by the plaintiff's testator, is void by reason of the fact that fraud was practiced upon other parties interested, since the defendant, being one of the owners and in possession of the premises as a tenant by the entirety was legally bound to pay the taxes and the attempted purchase merely amounts to the payment of the taxes, leaving the title exactly as it was before the tax sale; therefore, the lien of the mortgage may be foreclosed.

ACTION for the foreclosure of a mortgage.

*Leonard S. Zartmen* (*William S. MacDonald,* of counsel), for the plaintiffs.

*Edward P. Murphy,* for the defendants Mary Handy and Robert Handy (appearing at trial but not filing brief).

*George F. Bodine,* for the defendant William C. Damon.

CUNNINGHAM, J. This action was commenced on the 26th day of October, 1923, for the foreclosure of a mortgage on certain premises located in the village of Waterloo. On the 29th day of October, 1923, the treasurer of Seneca county executed a tax deed to the defendant Mary Handy, conveying the lands in question, which deed was recorded on the 25th day of February, 1924.

The mortgage sought to be foreclosed was given to decedent in April, 1916, by William C. Damon, who then owned the property. Damon later executed a deed of the premises and a question of fact arises as to whether the lands were conveyed to Bayard Handy only, or to Bayard Handy and Mary Handy, his wife. Mr. and Mrs. Handy have separated and the husband has disappeared. The deed was not recorded and cannot now be found.

I am satisfied from the evidence that the deed conveyed the property to Bayard Handy and to Mary Handy, his wife; that they took as tenants by the entirety, subject to the mortgage now in litigation. Mrs. Handy, for the purpose of securing the title of her husband to the property in question, permitted certain taxes to remain unpaid and bid in the property at the tax sale and later received a deed of it. She now claims that this deed is superior to the lien of the mortgage. Although the tax deed was executed after the filing of the *lis pendens* in this suit, still it was not received from a party to the action. Necessarily, therefore, its validity must now be determined.

At the time the taxes in question were assessed, Mrs. Handy was in possession of the property. She was one of the owners of the premises as tenant by the entirety and, being in possession, she could not acquire the interest of her cotenant by a purchase upon

a tax sale.   37 Cyc. 1348; *Burhans* v. *Van Zandt*, 7 N. Y. 523; *Turner* v. *Walker*, 40 Misc. Rep. 379; *Downer* v. *Smith*, 38 Vt. 464; *Knolls* v. *Barnhart*, 71 N. Y. 474.

When one of the cotenants of real property is in possession thereof it is his duty to pay the taxes assessed thereon.   *Stevens* v. *Melcher*, 152 N. Y. 551, 565.

It being the legal duty of Mrs. Handy to pay the taxes, she could not become the purchaser at a tax sale and the attempted purchase merely amounts to the payment of the taxes, leaving the title exactly as it was before the tax sale.   *Powell* v. *Jenkins*, 14 Misc. Rep. 83; *Fulton* v. *Whitney*, 66 N. Y. 548, 556; *Dunn* v. *Snell*, 74 Me. 22.

Mrs. Handy was a grantee of the mortgagor of the premises and took subject to the mortgage and, being in possession, it was her duty to pay the taxes.   This was required for the protection of the interests of the mortgagee and in so doing she could acquire no rights against the mortgagee.   *Medley* v. *Elliott*, 62 Ill. 532.

The acts of Mrs. Handy in permitting the taxes to remain unpaid and the lands to be sold for taxes, and in purchasing the property upon the tax sale, constituted a fraud upon the other parties interested in the premises and, therefore, the tax deed is void.   *Seymour* v. *Seymour*, 120 Misc. Rep. 525.

It follows that Mrs. Handy has not acquired any right superior to the lien of the mortgage and that the same may be foreclosed in this action.

Findings may be submitted in accordance with this opinion.

Judgment accordingly.