ADAH M. LAVENTALL et al., Respondents, *v.* HARRY POMERANTZ et al., Defendants, and LOUIS DANZIG et al., Appellants.

(Argued October 5, 1933; decided November 21, 1933.)

*Avrom M. Jacobs, Daniel J. Dugan* and *Isadore Book-stein* for appellants. Defendants-appellants are entitled to be subrogated to the lien of the county of Albany for taxes and water rents discharged by them. (*Sidenberg* v. *Ely*, 90 N. Y. 257; *Gerseta Corp.* v. *Equitable Trust Co.*, 241 N. Y. 418; *Title Guarantee & Trust Co.* v. *Haven*, 196 N. Y. 487; *Dunlap* v. *James*, 174 N. Y. 411; *Leavitt* v. *Waldemar Co.*, 88 Misc. Rep. 285; *Fiacre* v. *Chapman*, 32 N. J. Eq. 463; *Fisher* v. *Woodruff*, 25 Wash. 67; *Weadock* v. *Noeker*, 119 Mich. 626; *Ringo* v. *Woodruff*, 43 Ark. 469.) Defendants-appellants are entitled to subrogation despite the fact that the first mortgagees were not liable for payment of taxes. (*Kmetz* v. *De Ronde*, 231 N. Y. 641; *Howard* v. *Robbins*, 170 N. Y. 498; *Cole* v. *Malcolm*, 66 N. Y. 363; *Title Guarantee & Trust*

*Co.* v. *Haven,* 196 N. Y. 487; *Taylor* v. *Wilcox,* 167 Mass. 572.)

*Bertram M. Aufsesser* for respondents. Taxes and assessments, upon payment, become discharged and extinguished, and a subordinate mortgagee can, therefore, acquire no lien superior to that of a prior mortgagee by such payment. (*Sperry* v. *Butler,* 75 Conn. 369; *McNamara* v. *City of Rochester,* 124 Misc. Rep. 229; *Hinchman* v. *Morris,* 29 W. Va. 673; *McInerney* v. *Reed,* 23 Iowa, 411; *Preston* v. *Wright,* 81 Me. 306.) A subordinate mortgagee can acquire no lien superior to that of a prior mortgagee by the voluntary payment of taxes to safeguard his own security. (*Magilton* v. *Holbert,* 52 Hun, 444; *Sidenberg* v. *Ely,* 90 N. Y. 257; *Permain* v. *Mass. Hospital Life Ins. Co.,* 206 Mass. 377; *Suppinger* v. *Garrels,* 20 Ill. App. 265; *Stone* v. *Tilley,* 101 S. W. Rep. 201; *Lawyers' Title & Guaranty Co.* v. *Claren,* 237 App. Div. 188.) A subordinate mortgagee upon the payment of taxes may add the same on the foreclosure of his own mortgage, but no separate claim can be made for its collection. (*Sidenberg* v. *Ely,* 90 N. Y. 257; *Magilton* v. *Holbert,* 52 Hun, 444; Cons. Laws, ch. 41, § 254, subd. 6; *Stone* v. *Tilley,* 101 S. W. Rep. 201; *Vincent* v. *Moore,* 51 Mich. 618; *Hourigan* v. *Wellmuth,* 77 Mo. 542; *Johnson* v. *Payne,* 11 Neb. 269; *Hitchcock* v. *Merrick,* 18 Wis. 357.)

LEHMAN, J. In their answer to the complaint, in an action for the foreclosure of a mortgage upon real property in the city of Albany, the defendants Louis Danzig and Charlotte Sattler have alleged, as a separate defense and counterclaim, that they are owners of a subordinate mortgage on the same property and that the holders of the subordinate mortgage, in order to protect their interest in the real property, have paid taxes and water rents which were a lien on the property. They claim that, in consequence, these holders of the subordinate mortgage " were and are equitably subrogated to the

rights and remedies of the City of Albany on account of said taxes and water rents in the amount so advanced by them." Upon the plaintiff's motion, the so-called " defense and counterclaim " has been stricken out as insufficient on its face.

Upon a sale in foreclosure the lien of both mortgages will attach to the proceeds of the sale of the mortgaged property in the same order of priority as the original liens upon the property. So too the lien of unpaid taxes or water rents, if any, will attach to the same proceeds, but in priority to the lien of the mortgages, and thus would reduce *pro tanto* the amount which could be applied in payment of the mortgage. Payment of the taxes by these defendants has discharged the prior lien of the city. The defendants are entitled to an allowance for the amount they have paid, as part of their mortgage debt, upon the foreclosure of the mortgage. (*Sidenberg* v. *Ely*, 90 N. Y. 257.) An allowance to them of the amount so paid " as part of their mortgage debt " may be of no use, if after payment of the plaintiffs' prior mortgage no proceeds of the sale remain. Therefore, they ask that, to the extent that their payment of the taxes and the consequent discharge of the city's prior lien has increased the proceeds of sale which will become available for payment of the plaintiffs' mortgage, they should be subrogated to the lien of the city in priority to the lien of the plaintiffs' mortgage.

It is well established that the lien of the city for unpaid taxes, though terminated as to the city by payment of the taxes, can be regarded, in equity, as still existent for the purpose of doing justice between a party who has paid the taxes and a party who was under an obligation to pay them or who has through such payment obtained an unfair benefit at the expense of another. (*Title Guarantee & Trust Co.* v. *Haven*, 196 N. Y. 487.) The doctrine of equitable subrogation will be applied

" to compel the ultimate payment of a debt by one who in justice, equity, and good conscience ought to pay it " (*Pittsburg-Westmoreland Coal Co.* v. *Kerr*, 220 N. Y. 137, 144), and a court of equity having in its custody a fund for distribution can divide the fund in accordance with that doctrine in proper case.

As between the mortgagees and the owner of the mortgaged property the latter was unquestionably " one who in justice, equity, and good conscience " ought to pay the taxes. Indeed, the mortgages contain provisions which give to the holders the right to foreclose their mortgage upon default in payment of taxes, and also give them the right to pay the taxes and to add the payments to the mortgage debt. When the defendants as holders of the subordinate mortgage paid the taxes which were a lien on the property and thus acquired the right to add the taxes to the debt secured by their mortgage, they at the same time terminated any right which these plaintiffs, as holders of the prior mortgage, would have had to foreclose their mortgage upon default by the owner of the property in payment of taxes. Payment by the defendants thus " protected," as they have alleged in their answer, their " interest in said real estate " against the accrual of penalties which would be a prior lien on their real estate and against the menace that at some time in the still remote future the property might be sold to satisfy that lien; but it also " protected " their interest in the real estate against the present menace of foreclosure by the holders of the first mortgage.

Doubtless, as a general rule, where a junior mortgagee incurs expense to prevent damage to or destruction of the mortgaged premises, it is just and equitable that to the extent that he thereby has increased the proceeds of the property which can be applied in payment of the mortgage debts, the junior mortgagee should be reimbursed out of such proceeds before they are applied in payment of the prior mortgage. (*Fiacre* v. *Chapman,*

32 N. J. Eq. 463.)   There is no room for the application of that rule where non-payment of taxes is a ground for foreclosure proceedings by the prior mortgagee, and payment by the junior mortgagee is calculated to destroy that ground to the possible detriment of the prior mortgagee.   There may be situations where it might be said that the unreasonable refusal or delay of a prior mortgagee to act for the protection of his own interest compels a junior mortgagee to act for the protection of both. We do not here deal with such a situation.   The owners of the second mortgage have by the payment of taxes availed themselves of rights conferred by their mortgage, and they may look to the stipulated remedies to secure reimbursement.   The rights and remedies stipulated in the plaintiffs' prior mortgage could not, without the plaintiffs' consent, be diminished by any provisions of the subordinate mortgage or by any acts performed by owner or subordinate mortgagee in accordance with such provisions.   The right to foreclose upon default in payment of taxes was intended as a means to compel the payment of such taxes, or to provide a remedy, in case of nonpayment, for consequent diminution in the plaintiffs' security.   When the defendants paid the taxes, they met an obligation which the owner owed both to the prior mortgagees and to the city.   Because the obligation had been met, there was no longer room for invoking the plaintiffs' stipulated remedy against default.   The defendants, having knowingly produced that result, may not thereafter claim that equity should still regard the lien of the taxes as existent and the owners' obligation towards the prior mortgagee still unperformed.   The payment of taxes must be given effect according to the stipulations of the mortgages, and the intentions of the parties.   It discharged the lien of the city and discharged at the same time the obligation of the owner towards the prior mortgagee. The defendants are entitled to add the amount of the payment to their mortgage debt.   They

are not entitled to any relief at the expense of the prior mortgagee. No rule of law or dictate of justice, equity or good conscience would justify a court of equity in regarding as still existent the lien of the taxes in priority to the plaintiffs' mortgage. The price that the defendants expected and received for their payment was the extinguishment of the plaintiffs' right to foreclose for the owner's default in paying the taxes. They may not repudiate the legal effect of their act after they have received the price. (Cf. *Warranty Building & Loan Assn.* v. *Cimerro Constr. Co.*, 111 N. J. Eq. 8; *Pearmain* v. *Massachusetts Hospital Life Ins. Co.*, 206 Mass. 377.)

The order should be affirmed, with costs, and the question certified answered in the negative.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.