MAYER MESSINGER, Plaintiff, *v.* GREAT HUDSON FUR Co., INC., Defendant.

Supreme Court, Special Term, New York County, June 5, 1945.

*Jacobs & Jacobs* for defendant.

*Samuel R. Schneider* for plaintiff.

EDER, J. Motion granted. The defendant, although a licensee of the show or display windows, is a tenant within the meaning and intent of the emergency Commercial Rent Law (L. 1945, ch. 3, § 2, subd. [i] ) ; the display windows come within subdivisions (a) and (b) of section 2. It is true that the mere fact that one is in possession of lands of another does not of itself establish a tenancy. But this rule is, during the emergency, superseded by the statutory tenancy which has been created by subdivision (i) of section 2 and ·hence defendant must be regarded as a tenant and not as a licensee, and, as a tenant, comes within the statute and its protection, and, as well, subjects the plaintiff to its provisions and restraints. As a consequence, the plaintiff may not institute any proceeding or action to evict the defendant so long as he continues to pay the rent to which the plaintiff is entitled under the provisions of the act. The complaint is dismissed. Settle order.