HENRY C. WHITE, Individually and as President of Orchard Park Association, et al., Appellants, v. LA DUE & FITCH, INC., et al., Respondents, et al., Defendants.

Argued April 13, 1951; decided July 11, 1951.

124

*Jacob Gitelman* for appellants.   I. Plaintiffs clearly established that La Due & Fitch, Inc., had represented, prior to the making of sales, that the entire Orchard Park Tract was restricted to two-story houses.   II. Defendant La Due & Fitch, Inc., having made the representation, is estopped from denying its truth, and defendant Orchard Park Building Co., Inc., is likewise bound.   (*Phillips* v. *West Rockaway Land Co.,* 226 N. Y. 507; *Hofmann* v. *Hofmann,* 283 N. Y. 730; *Rothschild* v. *Title Guar. & Trust Co.,* 204 N. Y. 458; *Selzer* v. *Baker,* 295 N. Y. 145.)   III. The statement in the decision of the Appellate Division that " there is nothing in the record to indicate that the Florises or Yarkas were ' injured ' or ' prejudiced ' by purchasing their respective homes " is untenable.   IV. Plaintiffs offered to pay the cost of the one-story house during its construction and, in addition thereto, to pay a reasonable profit which defendants refused to accept.   There was no laches by plaintiffs.   V. The theory of equitable estoppel not only can, but should be applied to the facts in this case.   (*Norton* v. *Ritter,* 121 App. Div. 497; *Pizitz Dry Goods Co.* v. *New York Hamilton Corp.,* 228 App. Div. 325; *Brinckerhoff* v. *Lansing,* 4 Johns. Ch. 65; *Trenton Banking Co.* v. *Duncan,* 86 N. Y. 221.)   VI. Plaintiffs commenced this action on behalf of themselves as individuals and also on behalf of those similarly situated.   The principle of equitable estoppel can be invoked in their favor in their capacity as individuals or as representatives of a class.   (*Reid* v. *The Evergreens,* 21 How. Prac. 319; *Grant* v. *Van Schoonhoven,* 9 Paige Ch. 255; *Brenner* v. *Title Guar & Trust Co.,* 276 N. Y. 230.)

*Theron Robinson* and *Mitchell T. Williams* for respondents. I. The theory of equitable estoppel cannot be applied to the facts in this case. (*Brewster* v. *Striker,* 2 N. Y. 19; *Norton* v. *Ritter,* 121 App. Div. 497; *Pizitz Dry Goods Co.* v. *New York Hamilton Corp.,* 228 App. Div. 325; *McAleenan* v. *Massachusetts Bonding & Ins. Co.,* 232 N. Y. 199; *Trenton Banking Co.* v. *Duncan,* 86 N. Y. 221; *Livingston* v. *New York, O. & W. Ry. Co.,* 193 App. Div. 523.) II. If estoppel has been proved in favor of Yarka and Floris, that is not sufficient to establish estoppel in favor of all plaintiffs in their class action. (*Reid* v. *The Evergreens,* 21 How. Prac. 319; *Grant* v. *Van Schoonhoven,* 9 Paige Ch. 255; *Jones* v. *Healy,* 56 N. Y. S. 2d 349; *Marshall* v. *Sherman,* 148 N. Y. 9; *Nillson* v. *Lawrence,* 148 App. Div. 678; *Brenner* v. *Title Guar. & Trust Co.,* 276 N. Y. 230.) III. Plaintiffs were guilty of laches in commencing their action. (*University Gardens Property Owners Assn.* v. *Schultz,* 272 App. Div. 949; *Sahm* v. *Poushter,* 187 Misc. 486; *Forstmann* v. *Joray Holding Co.,* 244 N. Y. 22; *Batchelor* v. *Hinkle,* 210 N. Y. 243.) IV. A uniform plan or scheme of restrictions was never established for the Orchard Park Tract. (*Bernardine* v. *City of New York,* 268 App. Div. 444; *Waddle* v. *Cabana,* 220 N. Y. 18; *Bonnette* v. *Molloy,* 209 N. Y. 167; *Lamport* v. *Smedley,* 213 N. Y. 82.) V. Respondents are charged only with notice of restrictive covenants in their chain of title. (*Buffalo Academy of Sacred Heart* v. *Boehm Bros.,* 267 N. Y. 242.)

FROESSEL, J. Plaintiffs, on behalf of themselves and others similarly situated, seek (1) to enjoin defendants-respondents from completing a one-story ranch house on a certain lot in a tract of land known as Orchard Park, located in the town of Irondequoit, Monroe County, and to compel the removal of said house; (2) a determination that certain covenants and restrictions, particularly as to building height, are common to the tract, and applicable to each lot therein; and (3) to restrain respondents from violation of said restrictions in said tract.

The action is predicated upon two grounds: (a) that the original developers established a uniform plan of restrictions throughout the tract, and (b) that defendant-respondent La Due & Fitch, Inc., represented to plaintiffs Michael J. and Ivy Floris, two of its purchasers, among others, that the lots in said Orchard

Park were restricted, and particularly that no house less than two stories in height could be built thereon, and that it is now estopped from denying it.

The trial court properly dismissed the complaint as to two defendants, the County of Monroe and the loan association, and gave judgment for plaintiffs against respondents (who stipulated that " for the purposes of this lawsuit " they were " in the same position "), on the theory of equitable estoppel. While it stated there was evidence " that a uniform plan might have been evolved by the original developers of the tract ", it was not quite clear that " the plan was made sufficiently apparent to others that it may be said the alleged restrictions are common to the entire tract ", and found it unnecessary to decide this issue.

The Appellate Division expressly held that there was no general or uniform plan of building restrictions here, and that plaintiffs had failed to make out a case for equitable estoppel. It therefore dismissed plaintiffs' complaint, stating, among other things, that, even assuming that false representations were made to plaintiffs resulting in money loss, their remedy was at law.

The original Orchard Park tract was laid out in 1924, partially resubdivided in 1927, and consisted of 449 lots. The developers, prior to June 9, 1930, conveyed upwards of 115 lots to individuals, the deeds to all of which contained certain covenants and restrictions, and all but six of which contained the following restriction: " No dwelling shall be erected upon said premises which shall be less than two full stories in height." In none of said deeds was there a covenant on the part of the grantor to impose restrictions in subsequent deeds, nor was there an express covenant that such restrictions should run with the land. After 1930, and during the recent economic depression, the original developers met with financial reverses, and in due course the County of Monroe became the owner of many of the unsold lots by way of foreclosure of its tax liens.

While there is thus evidence indicating that the original developers *contemplated imposing* specific restrictions, including the building height restriction, upon the entire tract, and all houses built therein substantially complied with the height

restriction, excepting respondents' ranch house now complained of, we agree with the court below that the evidence did not establish that a general or uniform plan of restrictions had been effected (*Bristol* v. *Woodward,* 251 N. Y. 275).

We are of the opinion, however, that the weight of the evidence supports the determination of Special Term that respondents are estopped from denying the truth of the representation made by their agents to plaintiffs Michael J. and Ivy Floris that the entire Orchard Park tract is restricted to two-story houses.

When the County of Monroe became the owner of lots in this tract by tax foreclosures, it accepted referees' deeds " subject to all easements and restrictions common to the tract " and reconveyed accordingly. On May 3, 1948, respondent La Due & Fitch, Inc., entered into a written agreement to purchase from the county some 142 lots in this tract, " subject to the restrictions common to the tract ", and accepted deeds accordingly. Among the deeds so accepted, there was included the lot which said respondent conveyed to plaintiffs Floris on February 2, 1949, which conveyance was made subject to the same restrictions.

There is ample evidence to support the Special Term finding that the agents of respondent, La Due & Fitch, Inc., represented to plaintiffs Floris prior to their purchase, as well as to others, that the lots in said Orchard Park were restricted, and particularly that no house less than two stories in height could be built in said tract. The proofs also show that, while respondent's plans for the building of a one-story ranch house were filed in September, 1948, respondent purposely waited before proceeding with the erection of the house and did not commence the carpentry work until five days after delivery of the deed to plaintiffs Floris. There is also substantial evidence that plaintiffs relied upon such representations, and employed the attorneys for respondent to represent them upon the closing of title.

Much additional evidence was adduced affecting the good faith of respondent, and the credibility of its witnesses on the issue of the alleged representations, which were made after respondent had received an opinion from its counsel concerning said restrictions. In the last analysis we are faced with the question of credibility, and, since in our opinion the weight of

evidence clearly lies with the findings of the trial court, we conclude that it was correct in holding that respondents were estopped to deny the representations made by their agents (*Phillips* v. *West Rockaway Land Co.,* 226 N. Y. 507; *Hofmann* v. *Hofmann,* 283 N. Y. 730).

The principle of estoppel " prohibits a person, upon principles of honesty and fair and open dealing, from asserting rights, the enforcement of which would, through his omissions or commissions, work fraud and injustice." (*Rothschild* v. *Title Guar. & Trust Co.,* 204 N. Y. 458, 464; see, also, *Selzer* v. *Baker,* 295 N. Y. 145, 149.) " It is called an estoppel * * *," said Lord COKE, " because a man's own act or acceptance stoppeth or closeth up his mouth to allege or plead the truth ". (2 Coke on Littleton, 352a; 19 Am. Jur., Estoppel, p. 601; see, also, Bigelow on Estoppel, § 2, p. 603; 3 Pomeroy on Equity Jurisprudence [5th ed.], p. 180; *Trustees of Town of Brookhaven* v. *Smith,* 118 N. Y. 634, 641.)

It is urged that plaintiffs Floris sustained no damage, although they bought their home from respondents and continue to occupy the same in reliance on the respondents' representation. We see no merit in this contention (*Tallmadge* v. *East Riv. Bank,* 26 N. Y. 105, 109; *Phillips* v. *West Rockaway Land Co., supra; Hofmann* v. *Hofmann, supra*). Moreover, the parties had the right to determine for themselves in what way and for what purposes their property should be occupied, irrespective of pecuniary gain or loss or the effect on the market value of the lots (*Trustees of Columbia Coll.* v. *Lynch,* 70 N. Y. 440, 453).

Nor do we find any merit in the contention that plaintiffs Floris have been guilty of laches. Their deed was delivered on February 2d, the carpentry work on respondents' ranch house was not commenced until February 7th, and the roof was not completed until late in March. In the following month a demand was made on behalf of plaintiffs that the height restriction be complied with. It cannot be denied that the demand was made with the utmost good faith, for it was coupled with an offer to pay respondents for any loss and, in addition, a reasonable profit.

It is finally urged that the estoppel does not run to all the members of the class represented by plaintiffs, and we agree,

Since no general or uniform plan of restrictions has been found to have been established, and the trial court having determined that respondent La Due & Fitch, Inc., represented to plaintiffs Floris that the entire tract was restricted to two-story houses, those plaintiffs alone may prevail and the action must be dismissed as to the other plaintiffs.

Accordingly, the judgment of the Appellate Division should be reversed and the judgment of Special Term modified by providing for the dismissal of this action as to all plaintiffs except Michael J. and Ivy Floris individually, and as so modified affirmed, with costs to said plaintiffs in this court and in the Appellate Division; without prejudice, however, to the right of respondents to apply to Special Term for an extension of time within which to remove or alter the ranch house in question.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgment accordingly.