Louis T. Noble, Plaintiff, *v.* Joseph Niemiec et al., Defendants.

Supreme Court, Special Term, Cattaraugus County, March 13, 1954.

*Nicholas J. Rogers* for plaintiff.

*Joseph C. Dwyer* for defendants.

VANDERMEULEN, J. In 1946, Gertrude Niemiec was the owner of the following described premises: "ALL THAT TRACT OR PARCEL OF LAND, situate in the City of Olean, County of Cattaraugus and State of New York, known and described as follows: Being a part of Block number twenty-one (21) of the Village (now City) of Olean, N. Y., according to a map thereof made by T. J. Gosseline, Esq., bounded and described as follows: Commencing at a point on the west line of Ninth Street, two hundred forty (240) feet north from a point where the west line of Ninth Street intersects the north line of Reed Street; running thence west parallel with Reed Street one hundred and twenty-eight (128) feet; thence north parallel with Ninth Street, forty (40) feet; thence east parallel with Reed Street one hundred and

twenty-eight (128) feet to the west line of Ninth Street; thence south on the west line of Ninth Street forty (40) feet to the place of beginning.''

Briefly the plaintiff claims ownership by virtue of a certain deed, dated October 7, 1950, and duly executed and delivered by the County Treasurer of Cattaraugus County, New York, to him and recorded in the office of the clerk of Cattaraugus on October 11, 1950, in Liber 472 of Deeds at page 599. Apparently the defendants failed to pay the 1946 county taxes and the premises were bought in by the plaintiff, and subsequently, the aforementioned tax deed was the result of such failure.

The premises herein were purchased by John Niemiec and Gertrude Niemiec, his wife, in 1930. Both have since died, Gertrude Niemiec in 1951. The property therefore descended to their children Joseph Niemiec and Mary Niemiec Fitzsimmons, now Mary Walters. She occupies the premises along with her husband, William Walters. Joseph Niemiec does not reside on the premises.

In his complaint, the plaintiff prays briefly that it be adjudged that he be vested with title; that defendants be barred from any claim of interest and that he be awarded possession of the premises.

The defendants claim that the deed executed by the County Treasurer did not vest title in the plaintiff by reason of certain fraudulent representations made by the plaintiff and known to be false, and not known to the defendants to be false, and relied upon by the defendants. These representations are alleged to be that in the year 1947, said premises were sold for unpaid 1946 taxes and bid in by the plaintiff; that no notice to redeem said premises from the 1947 tax sale as required by section 134 of the Tax Law was ever served upon the defendants, Mary Walters and William Walters as occupants of said premises; that the plaintiff for the purpose of lulling said Gertrude Niemiec and the defendants into security and to keep them from taking steps to redeem said premises from the aforesaid tax sale, falsely and fraudulently represented and stated to them that he, the plaintiff, was not seeking to acquire title to said premises and that he would, as he had in the past, cause a notice to redeem said premises from tax sale to be served upon the defendant, Mary Walters as occupant of said premises; that said Gertrude Niemiec and said defendants pay the amounts required to effect such redemption within six months thereafter; that in truth and fact, the plaintiff did seek to acquire said

premises without serving any notice upon said defendants, Mary Walters and William Walters, as occupants.

The plaintiff moves for judgment on the pleadings under rule 112 of the Rules of Civil Practice. Consequently the allegations of the answer must be deemed true and to succeed, plaintiff must show that the entire answer is insufficient on its face. (See *Messinger* v. *Great Hudson Fur Co.* 185 Misc. 115, affd. 271 App. Div. 820.) Under these rules of law, this court must accept the truth of the facts alleged in defendants' answer, namely, that the plaintiff intended by false statements and representations to induce the defendants not to redeem their property from the tax sale, which the defendants relied upon, and through such reliance they failed to redeem their property within the statutory period although ready, able and willing to do so.

The plaintiff raises the question of public policy as involved in this action. That there is no such involvement is supported by the courts where redemption has been permitted under certain cases involving elements of estoppel. (See *Selzer* v. *Baker,* 295 N. Y. 145; *Williams* v. *Saddlemire,* 270 App. Div. 963.)

Many arguments made by both parties in their briefs might well be considered on the trial and need not be considered on this motion. The plaintiff contends that '' waiver or estoppel cannot be predicated upon oral promises and representations that one will act in the future where consideration is lacking and there is no confidential relationship between the parties.'' More specifically the plaintiff claims under all the facts alleged in the answer of the defendants they cannot invoke the principle of estoppel.

It has been held that the doctrine of estoppel can be invoked where a debtor was lulled into a false security. (See *Schroeder* v. *Young,* 161 U. S. 334.)

It was said in *White* v. *La Due & Fitch* (303 N. Y. 122, 128): '' The principle of estoppel ' prohibits a person, upon principles of honesty and fair and open dealing, from asserting rights, the enforcement of which would, through his omissions or commissions, work fraud and injustice.' (*Rothschild* v. *Title Guar. & Trust Co.,* 204 N. Y. 458, 464)''.

The case of *Selzer* v. *Baker* (*supra,* p. 149) involves facts quite similar to the instant case. The court said, among other things: '' An estoppel rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury. When this occurs it would be inequita-

ble to permit the first to enforce what would have been his rights under other circumstances." (Citing cases.)

The facts in the case of *Witherell* v. *Kelly* (195 App. Div. 227) are quite similar to those in the instant case. In that case, the plaintiff held a mortgage against the defendant's property. Plaintiff's agent, in discussing with the defendant a foreclosure of the mortgage, assured the defendant that the plaintiff mortgagee could not obtain a deficiency judgment since the value of the property exceeded the amount due on the property. The defendant, relying on this assurance, remained inert and took no steps to protect himself. The plaintiff, following the foreclosure sale, brought this action to recover a deficiency judgment and the court held that the plaintiff was estopped from such relief by reason of his assurances.

In its opinion the court said at page 231: " If the defendant, in reliance upon the assurance of Shedd that there would be no deficiency judgment against him, had just grounds to remain inert and at gaze without further securing himself or without protecting himself against a deficiency, it seems to me that the doctrine of equitable estoppel by representation applies, in that the plaintiff made statements that indicated her abandonment of an existing right of a plaintiff in a foreclosure by sale. As a rule, to constitute such an estoppel there must be representation as to a fact past or present, but there is a well-recognized exception that applies in this instance. After statement of the general rule, the court in *Insurance Co.* v. *Mowry* (96 U. S. 547) says: ' The only case in which a representation as to the future can be held to operate as an estoppel is where it relates to an intended abandonment of an existing right, and is made to influence others, and by which they have been induced to act. An estoppel cannot arise from a promise as to future action with respect to a right to be acquired upon an agreement not yet made. The doctrine of estoppel is applied with respect to representations of a party, to prevent their operating as a fraud upon one who has been led to rely upon them.' '' (Citing numerous cases.)

The representations in the instance case are quite similar. The plaintiff Noble made the representation that he did not intend to exercise his right to obtain the defendants' property. It transpired to be a fraudulent representation. It was made to influence the defendants and induce them to act as they did.

The case of *Alabiso* v. *Schuster* (273 App. Div. 655) involved a landlord and tenant situation where the landlord obtained from the rent director of the Office of Price Administration a

certificate of eviction on the representation that he needed the premises for his own personal use and occupancy. This representation was found subsequently to be untrue. Thereupon the tenants brought an action against the landlord for fraud and deceit based upon nonmaterial deception and false representation, of the falsity of which the plaintiff was ignorant.

A motion to dismiss the complaint under rule 106 of the Rules of Civil Practice was denied. In the affirming opinion of the Appellate Court, there was this significant statement: " We cannot subscribe to the proposition that where a right is given by statute and where by false and fraudulent representations, one is defrauded and deceived into giving up such right to his damage, such one may not have his remedy and redress in an action for fraud and deceit. Chief Justice KENT in *Upton* v. *Vail* (6 Johns. 181) said: ' The case went not upon any new ground, but upon the application of a principle of natural justice, long recognized in the law, that fraud or deceit accompanied with damage is a good cause of action. This is as just and permanent a principle as any in our whole jurisprudence.' " (*Alabiso* v. *Schuster, supra.* p. 657.)

The motion of the plaintiff is denied.