Edward Smith et al., Appellants-Respondents, v. Community Synagogue et al., Respondents, and Harbor Acres Realty Corporation, Appellant.— In an action to declare that property in a tract known as Harbor Acres in the village of Sands Point, Nassau County, is subject to a common plan, to restrain respondent, the Community Synagogue, from constructing a house of worship on its property in the tract on the theory that it purchased with knowledge of the restrictions in the common plan, and for other relief, a judgment was entered after trial in favor of plaintiffs as against defendant Harbor Acres Realty Corporation and in favor of defendants the Community Synagogue and Harry T. Thornbury, building inspector of the village of Sands Point, and against plaintiffs dismissing the amended complaint as to said defendants. Plaintiffs appeal from the judgment insofar as it dismisses the amended complaint as against defendants the Community Synagogue and Thornbury. Defendant Harbor Acres Realty Corporation appeals from the judgment insofar as it is in favor

of the plaintiffs and against said defendant. Judgment affirmed, without costs. No opinion. Adel, Wenzel, Schmidt and Beldock, JJ., concur. Nolan, P. J., concurs in the affirmance of the judgment insofar as it dismisses the amended complaint as against the defendants the Community Synagogue and Thornbury, but dissents from the affirmance of the judgment against defendant Harbor Acres Realty Corporation, and votes to reverse the judgment against that defendant and to dismiss said complaint with the following memorandum: While there is considerable evidence, exclusive of proof of oral representations made by representatives of defendant Harbor Acres, which indicates an intent on the part of that defendant to restrict the entire development to residential purposes, and uses not inconsistent therewith, that evidence is insufficient to sustain the conclusion that defendant Harbor Acres had put into effect a scheme of uniform improvement, sufficient to support the implication that the precise restrictions imposed on plaintiffs' land would be imposed on all remaining land in the development. (Cf. *White* v. *La Due & Fitch,* 303 N. Y. 122; *Bristol* v. *Woodward,* 251 N. Y. 275.) Defendant Harbor Acres had neither made nor filed any written declaration as to such a plan, and no reciprocal covenants appear in any of the deeds to property conveyed to plaintiffs or others, or in any of the contracts providing for the sale of such property. There is, moreover, evidence that when such covenants were requested by one of plaintiffs' witnesses, he was informed that they could not be inserted in his contract. Neither is evidence that representatives of defendant Harbor Acres stated to plaintiffs, and other purchasers, that similar restrictions would be imposed on all property sold, sufficient to establish that such a uniform plan had been effected. Plaintiffs and all purchasers from defendant Harbor Acres were put on notice that such representations were made without authority, by provisions of their contracts that neither the seller, nor any agent or representative of the seller, had made any representations except as expressly set forth in the agreements or schedules annexed thereto. Nor is evidence of such representations sufficient to sustain the conclusion reached at Special Term, that defendant Harbor Acres is barred from disclaiming liability therefor " upon the theory of equitable estoppel ". There is no evidence that plaintiffs knew of or relied upon representations made to others (cf. *White* v. *La Due & Fitch, supra,* pp. 128, 129), and evidence that such representations were made to plaintiffs and were relied on by them is contrary to the express provisions of the written contracts, pursuant to which their property was purchased. The trial court expressly found that plaintiffs made no charge of fraud against defendant Harbor Acres, and that no fraud was proved. Such being the case, the evidence of oral representations to plaintiffs was incompetent to establish the estoppel asserted. (*Adams* v. *Gillig,* 199 N. Y. 314; *Fogelson* v. *Rackfay Constr. Co.,* 300 N. Y. 334.)