Bernard S. Meyer, J.
This proceeding is unusual in that plaintiffs, residential property owners, seek a declaratory judgment that the zoning classification of nearby business property is unconstitutional. Pending trial, plaintiffs ask that construction be enjoined and frankly state their fear that defendant will obtain vested rights in the existing classification before passage of an ordinance on which the Town Board held hearings on August 29, 1961, which would upzone the property. The application must be denied for clearly the exercise of a legal right cannot be enjoined on the possibility that legislation to change the right may, or even probably will, be enacted (see Burns v. *344 Maccarone, N. Y. L. J., Oct. 1, 1958, p. 15, col. 1 [Christ, J.]). Nor can the court agree with the argument that denial of an injunction amounts to denial of all relief in the declaratory judgment action. Having made their application for injunction, plaintiffs, even though the application he denied, have put defendant property owners on notice. They would not, therefore, be barred by the rule of University Gardens Property Owners Assn. v. Schultz (272 App. Div. 949) from obtaining an injunction requiring the removal of any buildings placed upon the property while the action is pending (see White v. La Due & Fitch, Inc., 303 N. Y. 122, 129).
Denial of a temporary injunction is not inconsistent with the determinations made in Rosenzweig v. Crinnion (126 N. Y. S. 2d 692) and Rosenzweig v. Crinnion (139 N. Y. S. 2d 172, appeal dismissed 286 App. Div. 1066). There the zoning change had been made before an injunction was issued. The present denial is without prejudice to a further application should the upzoning resolution on which hearing was held August 29, 1961 be passed (Rice v. Van Vranken, 225 App. Div. 179, affd. 255 N. Y. 541).
A short-form order has been signed denying the injunction. If either party desires an early trial, an order to that end may be presented on notice (Nassau County Supreme Court Rules, rule 11).