Lawrence H. Cooke, J.
In this action to foreclose a real property mortgage plaintiff moves for “ an order directing that the plaintiff have judgment for the relief demanded in the Complaint and that this matter be referred to some suitable person to ascertain and compute the amount due to the plaintiff herein on the Bond and Mortgage mentioned in the Complaint and otherwise due herein to the plaintiff, and to examine and report whether the mortgaged premises can be sold in parcels, and if the whole amount secured by the mortgage has not become due, to report the amount thereafter to become. due, and for such other and further relief as to the Court may seem just and proper.” The prayer for relief in the complaint indicates that plaintiff demands judgment “ that the defendants and all persons claiming under them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in and to the said mortgaged premises; that the said premises may be decreed to be sold according to law; that the money arising from the sale may be brought into court; that the plaintiff may be paid the amount due on said bond and mortgage with interest to the time of such payment and the costs and disbursements of this action so far as the amount of such money properly applicable thereto will pay the same and that the defendants, Benjamin Levy and Benjamin E. Roberts, may be adjudged to pay any deficiency which may remain after applying all of said money so applicable thereto; and that the plaintiff may have such other and further or different relief in the premises as shall be just and equitable.”
The complaint alleges, in substance and among other things, that defendants Benjamin Levy and Benjamin E. Roberts on March 17, 1955 executed and delivered to plaintiff a certain bond in the principal sum of $15,000 and a mortgage as collateral security for the payment of said indebtedness covering certain real property situated in the County of Sullivan which mortgage was recorded in the Sullivan County Clerk’s office on March 29, 1955, that said mortgage contained a covenant that the mortgagee may pay the taxes, water rents, assessments, insurance premiums and similar charges affecting the mortgaged premises and that all such payments or advances shall be added and become a part of the unpaid balance of the indebtedness aforesaid and shall be secured in like manner, that there is docketed in the Sullivan County Clerk’s office a 1957 Federal tax lien and a 1958 tax lien against defendant Benjamin Levy of which the defendant United States of America is the owner; that in order to protect its security plaintiff may be *461 compelled during the pendency of this action to pay taxes, assessments, water rents, water meter charges, insurance premiums, interest and other charges affecting the premises and plaintiff requests that any sums so paid by it shall be added to the sum due and be deemed secured by the said mortgage and adjudged a valid lien on the premises in question. The defendant United States of America did not answer said complaint but has served a notice of appearance in which there is a clause indicating that said defendant will object to any judgment of foreclosure which does not accord to the liens of the United States priority over “ (1) unpaid state or local taxes, etc., which became choate liens upon the property subsequent to the dates on which the liens of the United States attached, and (2) claims of any mortgagee which are based upon any advances of credit of said mortgagee, including advances for payment of local taxes, etc., subsequent to the date of filing of the federal liens.”
The United States has filed an affidavit in opposition to the within motion which alleges that a notice of Federal tax lien was filed in the Sullivan County Clerk’s office on January 25, 1957 against defendant Benjamin Levy, asserts that the relief demanded in certain respects would violate the priority of Federal tax liens under Federal law and the said affidavit prays that “ the motion of the plaintiff, insofar as it prays that the plaintiff 1 have judgment for the relief demanded in the complaint ’ be denied.”
Considerable confusion has existed concerning this question of priority. However, on June 20, 1960 the United States Supreme Court rendered a very important opinion in Aquilino v. United States (363 U. S. 509, 512-514) wherein it was held: “ The threshold question in this case, as in all cases where the Federal Government asserts its tax lien, is whether and to what extent the taxpayer had ‘ property ’ or ‘ rights to property ’ to which the tax lien could attach. In answering that question, both federal and state courts must look to state law, for it has long been the rule that ‘ in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property * * # sought to be reached by the statute.’ Morgan v. Commissioner, 309 U. S. 78, 82. Thus, as we held only two Terms ago, Section 3670 ‘ creates no property rights but merely attaches consequences, federally defined, to rights created under state law * * * ’ United States v. Bess, 357 U. S. 51, 55. However, once the tax lien has attached to the taxpayer’s state-created interests, we enter the province of federal law, which we have consistently held determines the priority of competing liens *462 asserted against the taxpayer’s ‘ property ’ or ‘rights to property. ’ ’ ’ Upon remand the Court of Appeals of our State (10 N Y 2d 271) determined that the contractor taxpayer there, as a matter of New York law, did not have a sufficient beneficial interest in the unpaid balance due under the construction contract in question to give him a property right in them “ except insofar as there is a balance remaining after all subcontractors and other statutory beneficiaries have been paid.” Reporting on said decision in the November, 1961 Bulletin of the New York State Title Association, Earl Q. Kullman, former chairman and for several years a member of the Committee on Relative Priority of Government and Private Liens of the American Bar Association, stated: “Perhaps this is only the beginning of a trend which may eventually eliminate the ‘ choateness ’ rule of liens in contest with Federal tax liens and substitute instead the simple determination of property rights in accordance with State property law.”
In accordance with the Supreme Court’s directive in Aquilino, we must look to State law to determine the nature of the legal interest which the mortgagor taxpayer has in the property. The ‘ ‘ property ” or “ rights to property ’ ’ of the mortgagor taxpayer are subject to the lien of the mortgage (Holmes v. Gravenhorst, 263 N. Y. 148, 154; Prudence Co. v. 160 W. 73d St. Corp., 260 N. Y. 205, 211; Stickler v. Ryan, 270 App. Div. 962; Matter of Schreier, 153 Misc. 711; 3 Warren’s Weed, New York Real Property [4th ed.], p. 577). Being subject to the said lien, the mortgagor taxpayer’s “property” or “rights to property” are diminished to the extent of the lien of the mortgage. So real, so “ choate ”, so full of legal status is the lien of the mortgage that mortgagees are included within the term ‘ ‘ owner ’ ’ under section 2 of the Condemnation Law (Matter of Holman [Warren County], 268 App. Div. 330, 331). Although a mortgage in this State is personal property, it has been held that a mortgage is a conveyance of an interest in real property within the meaning of section 242 of the Real Property Law (Sleeth v. Sampson, 237 N. Y. 69, 72).
Included within the lien or indebtedness of the mortgage are the taxes which the mortgagee has paid when the owner of the mortgaged premises refuses or neglects to pay same and the right on the part of the mortgagee to pay said taxes (Laventall v. Pomerantz, 263 N. Y. 110, 113; Sidenberg v. Ely, 90 N. Y. 257, 262; Central Hanover Bank, & Trust Co. v. Roslyn Estates, 266 App. Div. 244, 248; Real Property Law, § 254, subd. 6; 3 Warren’s Weed, New York Real Property [4th ed.], p. 589; see Civ. Prac. Act, § 1067). So fixed are these rights that they are not *463 altered by an assignment of the mortgage or by a sale of the mortgaged premises.
The right to pay said taxes being a part of the lien to which the mortgagor taxpayer’s property is subject, said right to pay said taxes and the amount of the taxes when paid is a lessening or subtraction from the mortgagor taxpayer’s “ property ” or “ rights to property ’ ’. This being so, and the said lien of the mortgage having been created and taking effect at the time of the delivery of the mortgage (Real Property Law, § 244; Schafer v. Reilly, 50 N. Y. 61, 66), the tax lien asserted by the United States is not prior but rather subsequent in legal status to the moneys paid or to be paid by the plaintiff mortgagee pursuant to the prior lien of the mortgage.
It is well to point out that this subtraction from the mortgagor taxpayer’s “property” or “rights to property” (which took place when the mortgage was delivered) adds nothing to the mortgagee because this right to pay said taxes and the amount of the taxes when paid only serve to make the mortgagee whole by virtue of the detriment he has suffered because of nonpayment of taxes occasioned by default of the mortgagor taxpayer (Wheeler v. Handy, 123 Misc. 775; Leavitt v. Waldemar Co., 88 Misc. 285, 289; 3 Warren’s Weed, New York Real Property [4th ed.], pp. 588-589).
In United States v. New Britain (347 U. S. 81, 86) the Supreme Court said that the priority of the competing liens depends on when they “ attached to the property in question and became choate.”
In United States v. Crest Finance Co. (291 F. 2d 1) it appeared: that a subcontractor taxpayer entered into a subcontract with the prime contractor for hauling and compacting dirt providing that progress payments were to be made based on weekly reports predicated on the number of loads carried, same being subject to revision as to exact quantity by the section engineer; that Crest Finance made certain loans to the taxpayer, said loans being evidenced by the taxpayer’s notes and secured by concurrent assignments of the taxpayer’s right to payment from the prime contractor up to the date of each assignment; that after these assignments were made, but before final computation of the amount due to the taxpayer took place, there were filed certain Federal tax liens. The United States Court of Appeals held that the Federal tax liens were superior to the prior assignment of the amounts due to the petitioner, Crest Finance, stating (p. 5): “We must and do hold that Crest’s lien was not choate and perfected as those terms have been defined by the Supreme Court.” In that matter, in *464 December of 1961, the Solicitor General filed with the Supreme Court a memorandum in the nature of a concession which stated, among other things: “ Just as a mortgage on real estate is not made inchoate because the value of the property (or even the mortgagor’s title to it) is uncertain, so the petitioner’s lien on the taxpayer’s contractual right to payment for work performed is not made inchoate because the amount payable on the assigned right has not been finally ascertained. The requirement of definiteness of amount goes only to the debt secured by the lien, not to the property (otherwise specifically identified) that is subject to the lien.” On December 18, 1961, the United States Supreme Court rendered a unanimous decision in said matter stating: “ In the light of the Solicitor General’s concession that petitioner’s lien is choate, and the Court agreeing therewith, certiorari is granted, the judgment is vacated and the case is remanded to the Court of Appeals for further proceedings not inconsistent with this opinion.” (368 U. S. 347.)
Employing the same reasoning here, plaintiff’s lien as a mortgagee was choate at the time of delivery as to the terms thereof even though the exact amount due thereon at some future date was not then finally ascertained. Or, approaching the matter from a slightly different viewpoint, the mortgage debt itself was definite but the mortgagor taxpayer’s “ property ” or “ rights to property ’ ’ may have been uncertain because of the subtraction therefrom of the right to pay taxes and the taxes when paid pursuant to the lien of the mortgage.
Motion granted. Submit order which shall provide that the equity of redemption of the defendant United States of America shall not be terminated until the expiration of one year from the date of sale (U. S. Code, tit. 28, § 2410).