■ KOREA COMMERCIAL BANK OF NEW YORK, Plaintiff, v BASIL D. IANOS, Appellant, and KOREA FIRST BANK OF NEW YORK, Respondent, et al., Defendants. [653 NYS2d 561] —Order and judgment (one paper), Supreme Court, New York County (Helen Freedman, J.), entered June 21, 1996, in a foreclosure action, insofar as appealed from, awarding surplus moneys to defendant-respondent in priority to the claims of defendant-appellant, unanimously affirmed, without costs.

We agree with the IAS Court that appellant's payment of outstanding taxes does not warrant that his claim to the surplus money be given priority over that of a junior mortgagee under the doctrine of equitable subrogation. The purpose of that doctrine is " 'to compel the ultimate payment of a debt by one who in justice, equity, and good conscience ought to pay it' " (*Laventall v Pomerantz*, 263 NY 110, 113), which, with respect to taxes, as between the mortgagees and the owner of the mortgaged property, is the owner (*supra,* at 114). Although title to the real property remained in defendant corporation, appellant obtained "ultimate or equitable" ownership of the property of the corporation upon reversion to him of all of its capital stock (*Brock v Poor*, 216 NY 387, 401; *Torrey Delivery v Chautauqua Truck Sales & Serv.*, 47 AD2d 279, 282), when his purchaser defaulted and he concurrently released the debt secured by his mortgage. Concur—Sullivan, J. P., Rosenberger, Ellerin and Williams, JJ.